IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THEAVIS COOPER, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-23-2403 |
| § | |
| LAMAR CONSOLIDATED § | |
| INDEPENDENT SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Theavis Cooper worked as a school security officer. He sues his former employer, the Lamar Consolidated Independent School District, asserting employment discrimination. (Docket Entry No. 1). Lamar School District moved to dismiss, (Docket Entry No. 9), and Mr. Cooper acknowledged that some of his claims and requests for relief could not go forward. (Docket Entry No. 12 at 5). Mr. Cooper seeks leave to amend to add factual allegations relating to his disability discrimination and retaliation claims. (*Id.* at 9).

The court grants Mr. Cooper's request to amend and denies the motion to dismiss the disability discrimination and retaliation claims as moot. Mr. Cooper did not seek leave to amend the hostile work environment claim, which is dismissed without leave to amend because amendment would be futile. The reasons for these rulings are set out below.

**I.     Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial

2

notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## II.     Analysis

### A.  Administrative Exhaustion

The Lamar School District first argues that Mr. Cooper's claims are barred because he failed to exhaust his administrative remedies. (Docket Entry No. 9 at 14). Under Title VII, employees must "exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). This requirement can be satisfied "by filing an administrative charge with the EEOC." *Id.* The charge permits "the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." *Id.* An employee must file a charge "within 180 days of 'the alleged unlawful employment practice,' or within 300 days if the charge is filed with a state or local agency." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (quoting 42 U.S.C. § 2000e-5(e)(1)). "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

To determine whether an employee has exhausted administrative remedies on a claim, "the scope of an EEOC complaint should be liberally construed[.]" *McClain*, 519 F.3d at 273. A court interprets "what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quotation omitted). The court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id*.

Mr. Cooper timely filed a Charge of Discrimination with the EEOC. (Docket Entry No. 1 at ¶ 10). Mr. Cooper listed disability and race as the bases for discrimination, but he did not specifically list retaliation or harassment. (Docket Entry No. 9 at 14). If Mr. Cooper's EEOC charge statement contained allegations that would have reasonably led to an investigation of retaliation or harassment, in addition to discrimination, he has exhausted his retaliation and harassment claims. *See Pacheco*, 448 F.3d at 792 ("[W]e do not require that a Title–VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency."); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) ("In the context of a statute like Title VII it is inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations.").

In his EEOC charge, Mr. Cooper stated, "I believe that I continue to be retaliated against for engaging in protected activity[.]" (Docket Entry No. 12 at 6). He alleged that his supervisor, Dr. Williams, treated him differently than a white security officer. (*Id.*). He also alleged that Dr. Williams "routinely harassed [him]" and gave examples of this alleged harassment. (*Id.* at 7). In the EEOC charge, Mr. Cooper alleges that he had complained about Dr. Williams's differential treatment and harassment. Based on these allegations, the EEOC's investigation would reasonably encompass discrimination, retaliation, or harassment. *See, e.g., Patton*, 874 F.3d at 444 ("Construing the scope of Patton's charge liberally, we hold that his failure to accommodate claim could reasonable be expected to—and in fact did—grow out of his charge of discrimination."). Mr. Cooper's claims have been exhausted, and he timely filed this lawsuit after the EEOC dismissed his charge.

**B.  The Hostile Work Environment Claim**

To plead a hostile work environment claim under Title VII, Mr. Cooper must allege facts showing that he: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

Mr. Cooper's allegations about his work environment do not show severe or pervasive harassment. "Harassment affects a 'term, condition, or privilege of employment' if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Ramsey*, 286 F.3d at 268). In determining whether the harassment is actionable, "all of the circumstances must be taken into consideration," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Ramsey*, 286 F.3d at 268). The work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

Mr. Cooper states that he "was constantly wrote-up for issues that other security officers were not written up for," including "incidents he was not involved in," and that Dr. Williams and another individual "would give gifts to the other security officers for holidays" but not to him. (Docket Entry No. 1 at ¶¶ 21, 24, 28). He alleges that the other security officers went hunting together but his vacation request for the hunting trip was not approved. (*Id.* at ¶ 24). He also

5

alleges that Dr. Williams "spied on [him] via the school's camera system[.]" (*Id.* at ¶ 23). The allegations of write ups, the lack of a holiday gift, or a suspicion that he was watched on the school camera system do not allege facts showing harassment based on race. Mr. Cooper's allegations are insufficient to support a claim that he encountered harassment severe or pervasive enough to alter his employment conditions or create an abusive working environment.

### C. Conclusion

Mr. Cooper's request for leave to amend to remove the punitive damages, injunctive relief, and declaratory relief portions of the complaint, remove the claim under 28 U.S.C. § 1981, and add detail to the disability discrimination and retaliation claims, (Docket Entry No. 12 at 5, 9–10), is granted. Any amended complaint must be filed no later than October 30, 2023. The Lamar School District's motion to dismiss, (Docket Entry No. 9), is granted as to the hostile work environment claim and otherwise denied without prejudice as moot in light of the grant of leave to amend. The Lamar School District may move to dismiss the amended complaint, including re-urging the grounds raised in the current motion to dismiss, if appropriate.

SIGNED on October 4, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge